**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HORACE N. JOLLY,

    Plaintiff,

-vs-                                                      Case No.  8:05-cv-1255-T-30MAP

STATE OF FLORIDA, et al.,

    Defendants.

_____/

**ORDER**

This matter comes before the Court on a civil rights complaint filed by Plaintiff, an inmate incarcerated at the Okeechobee Correctional Institution when he filed his complaint (Dkt. 1).  Plaintiff names numerous defendants in various parts of Florida, asserting that they engaged in criminal activities constituting a racketeering enterprise, in violation of state and federal anti-racketeering statutes, and conduct violative of 42 U.S.C. § 1983.

The complaint was filed in the United States District Court, Southern District of Florida (Dkt. 1).  That court found that it appeared that Plaintiff failed to raise a cognizable state or federal racketeering claim in his complaint, but he has raised potentially cognizable constitutional claims of retaliation and excessive use of force claims against Captain Fortsom and Gary York.  Because the events giving rise to said claims occurred while Plaintiff was incarcerated at the Polk Correctional Institution ("PCI"), Polk City, Florida, this matter was transferred to the Middle District of Florida for further proceedings. *See* Dkt. 1, Attach. 9.

Because this is a civil action filed by Plaintiff while incarcerated at a correctional facility, the Court's initial inquiry must focus on the language of 42 U.S.C. § 1997e, which sets forth certain threshold requirements which must be satisfied before a prisoner can bring a civil action. On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, to read, *inter alia*, as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a); Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners (hereinafter "PLRA").  This provision applies in the present case because Plaintiff filed his complaint after the PLRA's effective date. *See Booth v. C.O. Churner*, 532 U.S. 731, 736 (2001)*; Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999);  *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998).

Pursuant to 42 U.S.C. § 1997e(a) (2002), this Court has an independent duty to review the complaint to ensure Plaintiff has fully exhausted all of his claims*. See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (finding that district courts should *sua sponte* enforce the exhaustion requirement imposed by PLRA with regard to actions by prisoners challenging prison conditions), *cert. denied*, 525 U.S. 833 (1998).  *See also Booth*, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures); *Alexander*, 159 F.3d at 1325 (11th Cir. 1998) ("Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement."). Section

1997e(a) does not say that exhaustion of administrative remedies is required before a case may be <u>decided</u>. It says that "[n]o action shall be <u>brought</u> with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Plaintiff has not shown any immediate risk of substantial or irreparable harm, and based on information provided by him, a delay will not unduly burden or prejudice his rights.  Before this matter may proceed, Plaintiff must demonstrate exhaustion of the inmate grievance process for claims raised in his complaint concerning events that occurred at the PCI.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff shall, within **THIRTY (30) DAYS** hereof, **verify exhaustion** of all administrative remedies available at the Polk Correctional Institution by submitting copies of the required grievances, appeals, and responses thereto.

2. Failure to comply with this order within the allotted time shall result in the **dismissal** of this action **without further notice**.

3. Because exhaustion is a pre-condition of suit, no further action shall be taken with regard to Plaintiff's claims until he establishes that he has met the exhaustion requirement.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2006.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
*Pro Se* Plaintiff
SA: jsh