**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HORACE JOLLY, JR.,

    Plaintiff,

-vs-                                                Case No. 8:05-cv-1255-T-30MAP

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## **ORDER**

This matter is before the Court for consideration of Plaintiff's Motion for Temporary Injunction (Dkt. 11). In his motion, Plaintiff requests that the Court enter an order directing "the above named [D]efendants to prevent further acts of retaliation, retribution, false and fabricated disciplinary reports, culpable negligence, and physical abuse upon the Plaintiff. . . . The gravamen of this motion is that Plaintiff has suffered and continues to suffer ill-treatment, pain, injury to his person, culpable negligence, as well as mental anguish as a direct result of the [D]efendant(s) named herein to act in concert with Mr. York in systematically retaliate [sic] against Plaintiff" (Dkt. 11 at 3).[1] The Court finds that Plaintiff has failed to establish that an emergency situation exists which requires immediate intervention by the Court.

---

[1] A review of the record reveals that this has been Plaintiff's mantra since he began contacting federal agencies to complain about Mr. York in 2004. Plaintiff's allegations that he expects "acts of retaliation to be imposed upon him via arbitrary and capricious measures by the authorities and staff of the [FDOC]," *see* Dkt. 1, Attachs. (unnumbered), Cover Letter to Complaints, do not demonstrate that he is in imminent danger of serious physical injury. Vague and conclusory allegations of possible future harm do not suffice to satisfy the requirements for entry of a temporary injunction. *See Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("complaints of past abuse . . . [and] vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are . . . insufficient and lack the specificity necessary to show an *imminent* threat of *serious* physical injury").

A temporary restraining order ("TRO") may be granted without notice only if (1) "it clearly appears from specific facts . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition," and (2) the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). A TRO requires the movant to demonstrate the same four elements as a preliminary injunction.[2] *See Parker v. State Bd. Of Pardons & Parole*, 275 F.3d 1032, 1034-35 (11th Cir.), *cert. denied*, 534 U.S. 1072 (2001).

Having considered Plaintiff's arguments and the documents submitted in support of the request for a TRO, the Court is not satisfied that a restraining order issued without notice and hearing is appropriate in this case. *See* Fed. R. Civ. P. 65(b); Local Rule 4.05(b) (M.D. Fla. 2005). Plaintiff has not set forth any efforts to give notice to Defendants, and it does not clearly appear that immediate and irreparable injury, loss, or damage will result to him before Defendants may be heard in opposition. Fed. R. Civ. P. 65(b).

ACCORDINGLY, the Court **ORDERS** that the Motion for Temporary Injunction (Dkt. 11) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 13, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Plaintiff
SA:jsh

---

[2] "A party seeking a preliminary injunction must establish the following four factors: (1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury, (3) that its own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest" *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999), *cert. denied*, 530 U.S. 1288 (2000).